IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00297-WDM-PAC

STEVEN E. WILSON, M.D. and
JENNIFER J. WILSON,

       Plaintiffs,

v.

PREMIER RESORTS INTERNATIONAL, INC.
a Delaware Corporation, dba PREMIER RESORTS
AT MANOR VAIL LODGE, and
MANOR VAIL CONDOMINIUM ASSOCIATION,

       Defendants.
_____

## ORDER GRANTING MOTION FOR STIPULATED PROTECTIVE ORDER AND STIPULATED PROTECTIVE ORDER REGARDING DR. STEVEN E. WILSON'S CONFIDENTIAL MEDICAL RECORDS
_____

**Order Entered by Magistrate Judge Patricia A. Coan**

Having considered the motion and being fully advised, it is hereby

**ORDERED** that the parties' October 31, 2005, Stipulated Motion for Protective Order Regarding Dr. Steven E. Wilson's Confidential Medical Records, Doc. # 20, is **granted**. The following protective order shall enter:

Plaintiffs, Steven E. Wilson, M.D. and Jennifer J. Wilson, through their counsel, Michael T. Mihm and Justin G. Blankenship of STARRS MIHM & CASCHETTE LLP, and Defendants, Premier Resorts International, Inc. and Manor Vail Condominium Association, through their counsel, Zane R. Mosely and Ann Holewinski of ZARLENGO MOTT ZARLENGO &

WINBOURN, P.C., hereby stipulate to the following Protective Order Regarding Plaintiff Steven E. Wilson's Confidential Medical Records.

1.  Dr. Steven E. Wilson's medical records are subject to the physician-patient privilege. *See* C.R.S. § 13-90-107(1)(d). A plaintiff waives this privilege to the extent a claim depends upon the physical injury as a basis for the claim. "This implied waiver, however, does not amount to a complete release of his prior medical history." *Weil v. Dillon*, 109 P.3d 127, 131 (Colo. 2005). *Cf. Neal v. Boulder*, 142 F.R.D. 325, 326–27 (D. Colo. 1992) (citing Colorado state law regarding medical releases). Plaintiffs, however, have agreed to produce a blanket medical release to Defendants pursuant to their informal request for production. The parties acknowledge that the Confidential Medical Information released will be treated as set forth herein.

2.  For the purpose of this protective order, Confidential Medical Information shall be defined to include all information learned from the medical records of Dr. Steven E. Wilson not related to the extent of Plaintiffs' injuries or any potential cause of Plaintiffs' injuries, for which damages are claimed in the above-captioned case.

2.  Confidential Medical Information may be disclosed only to the named parties to this litigation, the parties' insurance adjustors, the attorneys of record in this litigation and any necessary person in their firm's employ, retained expert witnesses, and the Court and its personnel pursuant to paragraph 5.

3.  Confidential Medical Information may not be disclosed to any third party not named in paragraph 3 and may not be the subject of testimony nor introduced as an exhibit in any deposition or court proceeding without the prior authorization of Plaintiff's counsel.

4. In the event a dispute should arise as to whether the information in certain medical records qualifies as Confidential Medical Information or whether the information is related to the extent or a potential cause of Plaintiffs' injuries, if the parties cannot agree amongst themselves, the parties shall submit the disputed records to the Court for an *in camera* review and shall be bound by the Judge or Magistrate Judge's determination as to whether the information contained in the records is related to the extent or a possible cause of Plaintiffs' injuries in this case.

5. In the event that any medical records contain information related to the extent or potential cause of Plaintiffs' claimed injuries and Confidential Medical Information, the parties stipulate to confer and redact any Confidential Medical Information prior to providing the record to any third party not identified in paragraph 3 or introducing the record as an exhibit in any deposition or court proceeding. **Any motion to seal the records must be in compliance with D.C. Colo.L. Civ.R. 7.2 and 7.3.**

6. At the close of litigation, all medical records containing Confidential Medical Information, including any discs or other electronic media storage devices containing electronic copies of such information, shall be destroyed, deleted, erased, or returned to Plaintiffs within thirty days after the return or destruction of such information is requested in writing. In the event that Defendants are required to retain a complete copy of the file for auditing purposes, Defendants shall return or destroy all extraneous copies and certify in writing that the final copies will be returned or destroyed upon the expiration of any mandatory retention period.

7. All persons having possession or access to Confidential Medical Information will take all reasonable steps to preserve the confidentiality of such information. Any disclosure that

does not comply with the terms of this Order shall be considered a violation of this Order and shall subject any non-complying person or entity to such sanctions as the Court may deem appropriate.

       8.      By entering into this agreement or by stipulating that certain records are considered Confidential Medical Information for purposes of this agreement, Plaintiffs are not waiving any rights to object to the admissibility of these records, including, but not limited to, relevance objections under the Federal Rules of Evidence.

SO ORDERED.

November 7, 2005.

                              By the Court:
                              s/ Patricia A. Coan
                              Patricia A. Coan
                              Magistrate Judge